Gary L. GUIDRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 1148–94.

Court of Criminal Appeals of Texas, En Banc.

April 12, 1995.

Craig S. Smith, Corpus Christi, for appellant.

Carlos Valez, Dist. Atty., and James D. Rosenkild, Asst. Dist. Atty., Corpus Christi, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge.

In a single criminal action, appellant plead guilty without a plea bargain to two aggra-

vated robberies and one aggravated sexual assault. The trial court sentenced appellant to three consecutive life sentences. Relying on *LaPorte v. State*, 840 S.W.2d 412 (Tex. Crim.App.1992), the Court of Appeals held that the first aggravated robbery and the aggravated sexual assault were offenses arising out of the same criminal episode and that the sentences in those two cases were, therefore, improperly stacked.

The Court of Appeals also held, however, that the trial court did not err in stacking the sentences in the aggravated sexual assault and the second aggravated robbery. The Court predicated this decision upon its determination that those two offenses were not part of the same criminal episode under Tex.Penal Code Ann. Sec. 3.01.[1] We granted review to determine whether the Court of Appeals erred in determining that the stacking order was valid.

The judgments in the three cases show that the trial judge entered stacking orders in the two aggravated robbery cases. The court ordered the sentence in the first aggravated robbery (Cause No. 92–CR–2134–D) to commence when the sentence in the aggravated sexual assault case (Cause No. 92–CR–2133–D) ceased to operate. The court then stacked the sentence in the second aggravated robbery (Cause No. 92–CR–2135–D) on the sentence in the first aggravated robbery.

The trial judge did not stack the sentence for the second aggravated robbery on the sentence for the aggravated sexual assault. The Court of Appeals therefore erred in basing its determination of the validity of the second stacking order upon a consideration of whether the second aggravated robbery and the aggravated sexual assault were part of the same criminal episode. Because the second stacking order cumulated the sentences in the two aggravated robberies, the validity of that order depends upon whether the two aggravated robberies were offenses arising out of the same criminal episode, as defined in Sec. 3.01.

We therefore vacate the judgment of the Court of Appeals and remand this cause to them to determine the validity of the stacking order in Cause No. 92–CR–2135–D, by deciding whether the two aggravated robberies were offenses arising out of the same criminal episode.

MALONEY, J., dissents with note:

Since all three offenses by definition are part of the same criminal episode, the first aggravated robbery and the sexual assault having been committed during the same transaction or pursuant to two transactions that are connected, and the second aggravated robbery being the repeated commission of the same offense, *see* Tex.Penal Code Ann. § 3.01, all three offenses may be prosecuted in a single criminal action. *See id.* at § 3.02.

Since all three cases were in fact tried in a single criminal action, the sentence for each one of the three offenses must run concurrently. *See id.* at § 3.03. I would therefore reverse and vacate the judgment of the Court of Appeals and remand this cause to the trial court for re-sentencing.

---

1. Tex.Penal Code Ann. Sec. 3.01 provides:
   In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:

(1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
(2) the offenses are the repeated commission of the same or similar offenses.