Ex parte James Howard McJUNKINS.

No. 72410.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 17, 1997.

Rehearing Denied Oct. 22, 1997.

John S. Fischer, Huntsville, for appellant.

James Howard McJunkins, Lovelady, pro se.

April Allison Sikes, Asst. District Attorney, Patrick Batchelor District Attorney, Corsicana, Jim Vollers, Special Prosecutor, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON STATE'S MOTION FOR REHEARING

WOMACK, Judge.

When this case was first submitted, this Court granted post-conviction habeas corpus relief to the applicant because he was subjected to consecutive sentences on two convictions that were obtained in a single criminal action.

The applicant had been indicted for capital murder. He and the State made a plea bargain agreement that if the applicant would plead guilty to two informations charging him with murder with a deadly weapon and aggravated robbery, the State would recommend two consecutive sentences of life imprisonment and dismiss the capital murder indictment. The agreement was carried out on March 1, 1990. In one criminal action, the applicant waived his right to trial by jury and entered his guilty pleas to the murder and aggravated robbery informations, and the trial court sentenced him to two consecutive life sentences. He did not appeal, but on July 10, 1995, he filed an application for habeas corpus relief from the order that cumulated the sentences. This Court granted habeas corpus relief by setting aside both judgments of conviction and ordering the applicant returned to the county of conviction to answer the charges. 926 S.W.2d 296.

We withdrew our mandate and granted rehearing when the State offered to relinquish the cumulation order. The question of whether the State can waive the benefit of the cumulation order naturally raises, and causes us to reconsider, the question which is its counterpart: whether a defendant can waive the benefit of the concurrent sentencing provisions.

The decision on the first submission of this case was in accord with *Ex parte Sims*, 868 S.W.2d 803 (Tex.Cr.App.1993), which held

that (1) the defendant cannot waive the statutory requirement that sentences imposed in a single criminal action shall run concurrently, but (2) it would be illogical and unfair to simply delete the cumulation order, because the State would be detrimentally bound to the plea bargain agreement while the defendant would be relieved of it.

The *Sims* opinion began by asking whether a defendant may waive the requirement of Penal Code Section 3.03 that multiple sentences run concurrently if they arise out of the same criminal episode and are imposed in a single criminal action.[1] The opinion, properly, noted the basic division of legal rules into (1) absolute requirements and prohibitions which cannot be waived or forfeited, (2) rights of litigants that must be implemented unless affirmatively waived, and (3) rights of litigants that are implemented on request but are forfeited by a failure to invoke them. *See generally Marin v. State*, 851 S.W.2d 275, 278–280 (Tex.Cr.App.1993). The *Sims* Court decided that Section 3.03 "creates an absolute restriction of a trial court's general authority to impose consecutive sentences similar to the restrictions Article 42.12, § 3g(a), V.A.C.C.P., places on a trial court's general authority to grant probation, as was addressed in *Heath [v. State*, 817 S.W.2d 335 (Tex.Cr.App.1991) ]." 868 S.W.2d at 804.

We see now that the analogy drawn in *Sims* between Section 3.03 of the Penal Code and Section 3g(a) of the Community Supervision Statute is flawed. Section 3.03 creates rights of litigants rather than an absolute prohibition like that created by Section 3g(a).

Section 3g(a) of the Community Supervision Statute[2] is correctly characterized as a restriction of the trial court's authority to grant community supervision after conviction. The trial court's authority was granted "under such conditions as the Legislature may prescribe." Texas Constitution, Article IV, Section 11A. With Section 3g(a) the legislature took away the trial court's authority to grant community supervision without the recommendation of a jury in certain kinds of violent offenses.[3] Plea bargains for probated sentences in such cases were among, and perhaps the first of, the evils sought to be remedied by the statute. It would be perverse to construe the statute as creating a right that the litigants could agree to waive.

In contrast, the mandatory concurrent-sentence provision of Penal Code Section 3.03 is altogether dependent on the choices of the parties. The State has the choice to lay the predicate for mandatory concurrent sentencing by choosing whether to join (or consolidate) them in a single criminal action.[4] If,

---

1. From January 1, 1974 through August 31, 1995, Tex. Penal Code, § 3.03 read:

   When an accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced. Such sentences shall run concurrently.

   The section was amended in 1995 to exempt the offense of intoxication manslaughter. H.B. 93, 74th Legislature—Regular Session; Acts 1995, ch. 596.

2. Tex.Code Crim. Proc., art. 42.12 (formerly known as the Adult Probation Statute).

3. As enacted in S.B. 152, § 1, 65th Legislature—Regular Session; Acts 1977, ch. 347, § 1, the relevant subsection read:

   (a) The provisions of Sections 3 and 3c of this Article [which respectively authorized the trial judges to grant probation after conviction in the absence of a jury's recommendation and even against the recommendation of a jury] do not apply:

   (1) to a defendant adjudged guilty of an offense defined by the following sections of the Penal Code:
   (A) Section 19.03 (Capital murder);
   (B) Section 20.04 (Aggravated kidnaping);
   (C) Section 21.0 (Aggravated rape);
   (D) Section 21.05 (Aggravated sexual abuse);
   (E) Section 29.03 (Aggravated robbery); or
   (2) to a defendant when it is shown that the defendant used or exhibited a deadly weapon as defined in Section 1.07(a)(11), Penal Code, during the commission of a felony offense or during immediate flight therefrom. Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment. Later amendments have expanded the restriction by adding offenses and by incorporating the law of parties in the deadly weapon provision.

4. The permissive nature of joinder appears in Tex.Code Crim. Proc., art. 21.24 ("Two or more

and only if, the State chooses joinder or consolidation, the defendant has the choice whether to demand a severance.[5] If, and only if, the defendant chooses not to demand a severance will Section 3.03 come into effect through the trial in a single criminal action of multiple offenses arising from a single criminal episode.

> These provisions involve a trade-off; a prosecutor is encouraged to clear case dockets by trying more than one case in a single trial whenever multiple offenses arising from a single criminal episode are alleged against a single defendant, and a defendant benefits by not being burdened with the possibility of consecutive sentences and a string of trials for offenses arising out of a single criminal episode. Section 3.04 provides a defendant the right to have separate trials if he so desires.

*LaPorte v. State,* 840 S.W.2d 412, 414 (Tex. Cr.App.1992). Just as a defendant may forego the right to separate trials, a defendant may forego the right to concurrent sentences. Because the operation of Section 3.03 requires the consent of both litigants, it is properly characterized as a right of a litigant rather than as an absolute requirement or prohibition which cannot be waived or forfeited.

There is nothing novel about holding that a litigant can waive a right that, were it not waived, would prohibit a court from entering judgment for multiple convictions and sentences. *See United States v. Broce,* 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (defendant who entered knowing, counseled, and voluntary pleas of guilty to two indictments in a single proceeding could not thereafter collaterally attack judgment on basis that under double jeopardy principles he was subject to prosecution for only one offense).

The first holding of *Ex parte Sims* is therefore overruled.

We should not be understood as holding that *LaPorte v. State, supra,* was wrongly decided. LaPorte was subjected to jury trial of two consolidated indictments that arose out of the same criminal episode. He did not demand severance, and he did not waive his right to concurrent sentencing under Section 3.03. He raised the issue of improper cumulation on direct appeal. This Court correctly held that Section 3.03 applied to the trial of consolidated indictments even though the State had failed to give the notice of consolidation which Section 3.02 requires, that the appellant could raise the point for the first time on appeal,[6] and that the judgments should be reformed to delete the cumulation order. The statement in *LaPorte* that a trial court may not order consecutive sentences when charges arising out of the same criminal episode are tried in a single criminal proceeding (840 S.W.2d at 415) is correct in the context of that case, in which no waiver was made.

▮ In this case the applicant pleaded guilty, and was convicted and sentenced, in accordance with a plea bargaining agreement in which he specifically accepted the imposition of consecutive sentences in a single criminal action. There is no allegation that his decision was not counseled, intelligent, and voluntary. We hold that his decisions not to request a severance, and to accept the imposition of consecutive sentences imposed in a single criminal action for two offenses arising out of the same criminal episode, were valid waivers of his right to concurrent sentences. The State's motion for rehearing is granted, and habeas corpus relief is denied.

offenses *may* be joined ..."). A proposal for mandatory joinder or consolidation of all offenses arising from a criminal episode was considered and rejected by the legislature in 1973. See *Stevens v. State* 667 S.W.2d 534 (Tex.Cr.App. 1984).

5. Tex. Penal Code, § 3.04.

6. The *LaPorte* opinion said that the erroneous cumulation order was "in essence, a void sentence." 840 S.W.2d at 415. We have no occasion in this case to consider which errors render a sentence "void," or whether such labels are useful in the decision of dissimilar cases. There was no error in the entry of the cumulation order in this case.

MEYERS, J., concurs in part and dissents in part: I concur in the Court's decision to grant the State's motion for rehearing. I dissent to the Court's denial of habeas relief, however, on a ground that has not been raised or argued by the parties. The State has motioned this Court for rehearing on a narrow and specific ground. At the very least, the Court should grant rehearing on its own motion instead of suggesting that the State's motion somehow raises the issue addressed by the Court today.

OVERSTREET, Judge, dissenting on State's motion for rehearing after written opinion.

I dissent to the majority's determination that a defendant, in accordance with a plea agreement, can waive the statutory requirement that sentences run concurrently when imposed in a single prosecution arising from a single criminal episode.

The majority opinion overrules that portion of *Ex parte Sims,* 868 S.W.2d 803, 804 (Tex.Cr.App.1993) which held that the operation of V.T.C.A. Penal Code, § 3.03 creates an absolute restriction of a trial court's general authority to impose consecutive sentences. And interestingly, the State's untimely Motion for Rehearing, which was not filed until months after the deadline for filing such had expired, mandate had been issued by this Court, and the opinion had been published as *Ex parte McJunkins,* 926 S.W.2d 296 (Tex.Cr.App.1996), does not seek to overrule *Sims,* but rather simply informs the Court that it is relinquishing the benefit of the plea agreement and "agrees that the deletion of the cumulation order is proper in these cases." Thus the majority for some reason reaches out and addresses an issue which is not even raised by the State's own Motion; apparently the majority is taking the initiative to re-write the State's Motion.

The issue, as created by the majority, is whether a waiver of the right to sever the consolidated prosecution of multiple offenses arising out of a single criminal episode, nullifies the prohibition against the imposing consecutive sentences. This Court recognizes "three types of rules in our legal system: absolute requirements and prohibitions which cannot be waived or forfeited; rights of litigants which must be implemented unless affirmatively waived; and rights of litigants which are implemented upon request and can be forfeited by a failure to invoke them." *Ex parte Sims,* 868 S.W.2d 803, 804(Tex.Cr.App.1993); also *see Marin v. State,* 851 S.W.2d 275, 279–80 (Tex.Cr.App. 1993).

When the State elects to consolidate prosecution of multiple offenses arising out of a single criminal episode, pursuant to V.T.C.A. Penal Code § 3.04(a) "the defendant shall have a right to a severance of the offenses[;]" i.e. the defendant has the right to demand a severance. If the defendant does not demand a severance, the parties must abide by the statutory requirements of § 3.03. The decision to enter into a plea agreement which implicates § 3.03 requires a weighing of interests by both parties. While the State benefits by securing multiple convictions and clearing its docket, it relinquishes the opportunity to obtain consecutive sentences. Similarly, while the defendant benefits from concurrent sentencing, he accepts multiple convictions and forfeits his right to demand separate trials which could result in acquittal or conviction of lesser offenses.

In accordance with *LaPorte v. State,* 840 S.W.2d 412, 415 (Tex.Cr.App.1992), it is inconsistent with the intent of § 3.03 to allow the State the benefit of consolidating prosecution while denying the defendant the benefit of concurrent sentencing. Contrary to the majority's holding, § 3.03 does *not* create a *right* of the litigant *which can be waived* for the purpose of a plea agreement. This was made most clear in *LaPorte* where a unanimous Court stated:

The trial court's general authority under Article 42.08, V.A.C.C.P., to order consecutive sentences is statutorily limited by Section 3.03 whenever a single criminal action arising out of the same criminal episode occurs, whether based upon a single charging instrument or several charging instruments. . . . If the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences. An improper cumula-

tion order is, in essence, a void sentence, and such error *cannot be waived.* . . .

*LaPorte*, 840 S.W.2d at 415.

With no right conferred, a defendant has nothing to waive. Section 3.03 creates an absolute prohibition on the trial court from imposing consecutive sentences after the State elects to prosecute multiple offenses arising out of a single criminal episode in a single criminal action. "A defendant may not by agreement render legal a punishment which is not otherwise authorized by law." *Sims*, 868 S.W.2d at 804, *citing Heath v. State*, 817 S.W.2d 335 (Tex.Cr.App.1991). Since the defendant is not vested with such a right to concurrent sentences, and it is impermissible for a defendant to waive an absolute prohibition, the statutory requirement of imposing concurrent sentences should be upheld.[1]

The majority opinion in essence would overrule this Court's caselaw simply by judicial fiat rather than by well-reasoned analysis.[2] The overruling of caselaw should not be so whimsical. The State, in its Motion for Rehearing, explicitly "agrees that the deletion of the cumulation order is proper in these cases" and "relinquish[es] the benefit of the plea agreement in which the sentences . . . would be cumulated."

In concocting an issue out of thin air which the State does not even raise, apparently for the purpose of overruling *Sims*, the majority's opinion is an inappropriate exhibition of *judicial activism.*

Because the majority does not uphold the explicit requirement of § 3.03, and grants relief outside the scope of the State's Motion for Rehearing, I dissent.

BAIRD, J., joins with note. The parties who appear before this Court have every right to believe their issues will be resolved in a fair and impartial manner. Making decisions in this manner is our sole source of credibility. If we should reach out and resolve issues not raised by the parties we would correctly be seen as partisan advocates, not as impartial jurists.

As Judge Overstreet correctly notes, the State did not ask us to revisit our holdings in *LaPorte* and *Sims*. The State merely asks that the cumulation order be deleted. Nev-

---

1. The majority maintains that *LaPorte* was correctly decided "in the context of that case[.]" *Ex parte McJunkins*, 954 S.W.2d 39, 41 (Tex.Cr.App. 1997) (op. on reh'g). But *LaPorte* is anything but case specific. Indeed, it has been relied upon and cited in scores of unpublished opinions and numerous published opinions, all clearly stating the standard under *LaPorte*. *See, Johnson v. State*, 930 S.W.2d 589 (Tex.Cr.App.1996); *Robbins v. State*, 914 S.W.2d 582 (Tex.Cr.App.1996); *Ex parte Pharr*, 897 S.W.2d 795 (Tex.Cr.App. 1995); *Guidry v. State*, 896 S.W.2d 798 (Tex.Cr. App.1995); *Ex parte Sims*, 868 S.W.2d 803 (Tex. Cr.App.1993); *Duran v. State*, 844 S.W.2d 745 (Tex.Cr.App.1992); *Polanco v. State*, 914 S.W.2d 269 (Tex.App.—Beaumont 1996, pet. ref'd); *Jones v. State*, 852 S.W.2d 710 (Tex.App.—Corpus Christi 1993, no pet.); *Crider v. State*, 848 S.W.2d 308 (Tex.App.-Fort Worth 1993, pet. ref'd).

2. The majority's reliance upon *U.S. v. Broce*, 488 U.S. 563, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989), at 41, is misplaced. The *Broce* Court held a defendant who pleads guilty to two separate offenses cannot later collaterally attack those pleas with a claim of double jeopardy. The Court held, "Just as a defendant who pleads guilty to a single count admits guilt to the specified offense, so too does a defendant who pleads guilty to two counts with facial allegations of distinct offenses concede that he has committed two separate crimes." *Broce*, 488 U.S. at 570, 109 S.Ct. at 763, 102 L.Ed.2d at 936. On collateral review Broce was seeking to reduce the *number* of his convictions from two to one on a claim of jeopardy; he was not claiming his sentence was illegal. As the Supreme Court stated:

A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. *There are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence.*

*Broce*, 488 U.S. at 569, 109 S.Ct. at 762, 102 L.Ed.2d at 935. (Emphasis added.) Applicant is seeking a legal sentence for two separate convictions, not claiming he should be convicted for just one offense as Broce alleged. The trial court had no authority to stack the sentences. While the majority holds this waiver is "nothing novel[,]" the defendant cannot waive binding law which the trial court *must* follow.

ertheless, the majority reaches out and intentionally distorts the holding in *LaPorte* and overrules *Sims*. In doing so, the majority shall not be seen as impartial jurists but for what they are, partisan advocates advancing an agenda of reaching results which ultimately benefit the State.