Montgomery Ward & Co., Inc. v. Brazos County Appraisal District and Brazos Coounty Appraisal Review Board















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-369-CV

     MONTGOMERY WARD & CO., INC.,
                                                                              Appellant
     v.

     BRAZOS COUNTY APPRAISAL 
     DISTRICT AND BRAZOS COUNTY 
     APPRAISAL REVIEW BOARD,
                                                                              Appellees
 

From the 85th District Court
Brazos County, Texas
Trial Court # 43,977-85
                                                                                                               

MEMORANDUM OPINION
                                                                                                               

      On March 8, 1999, Appellant filed a motion to dismiss this appeal because a motion for new
trial had been granted by the trial court. In relevant portion, Rule 42.1(a) of the Texas Rules of
Appellate Procedure provides:
(a) The appellate court may dispose of an appeal as follows:
(2) in accordance with a motion of appellant to dismiss the appeal or affirm the
appealed judgment or order; but no other party may be prevented from seeking
any relief to which it would otherwise be entitled. 
Tex. R. App. P. 42.1(a)(2).
      The Appellees have not filed a response to the motion. Accordingly, this cause is dismissed
with costs to be taxed against the Appellant. 
                                                                         PER CURIAM
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Dismissed
Opinion delivered and filed March 24, 1999
Do not publish



-align: justify; margin-left: 0.3in; margin-right: 0.3in">When the accused is found guilty of more than one offense arising out of the same
criminal episode prosecuted in a single criminal action, a sentence for each offense for
which he has been found guilty shall be pronounced. . . . [T]he sentences shall run
concurrently.

Tex. Pen. Code Ann. § 3.03(a) (Vernon Supp. 2001). 
      The crux of the dispute is whether the seven offenses were prosecuted in a single criminal
action. A defendant is prosecuted in a “single criminal action” when allegations and evidence of
more than one offense arising out of the same criminal episode are presented in a single trial or
plea proceeding. Ex parte Pharr, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995); La Porte v.
State, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). When deciding what constitutes a single
criminal action, we look to the trial itself or to the proceeding where the defendant’s guilt is
adjudicated and sentence is pronounced. Rollins v. State, 994 S.W.2d 429, 433 (Tex.
App.—Beaumont 1999, no pet.).
      The State relies on McJunkins v. State to argue that Dickinson waived his right to concurrent
sentences because he pled guilty and was sentenced in accordance with a plea agreement. See
McJunkins v. State, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997). However, the record before us
does not indicate the parties ever agreed to a plea bargain. McJunkins does not apply.
      Dickinson argues that in 1995 when he was initially given deferred adjudication and boot
camp, all seven causes were called and heard together in an intertwined manner. However, the
trial court found guilt and pronounced sentence in only one cause. In that cause, Dickinson was
sentenced to ten years in prison and given boot camp. His guilt was not determined at that time
on any of the six other offenses. Thus, the prison sentence could not have been stacked with any
other sentence at that time. In 1999, when the State requested adjudication on six offenses and
revocation on the seventh, it is clear from the record that each cause was pled and heard
separately. While each cause was dealt with on the same date, the trial court heard one case at a
time. When necessary, the court recessed a case before proceeding with the next case. 
Conclusion
      We hold the seven causes were not prosecuted in a single criminal action, and section 3.03
does not apply. The sentences were correctly stacked. Dickinson’s issue is overruled, and the
trial court’s judgments are affirmed.
 
                                                             TOM GRAY
                                                             Justice
Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed 
Opinion delivered and filed July 18, 2001
Do not publish