Chrystal Gale Soto v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.   2-04-047-CR

2-04-048-CR

2-04-049-CR

CHRYSTAL GALE SOTO APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 97TH DISTRICT COURT OF MONTAGUE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Pursuant to a plea agreement, Appellant Chrystal Gale Soto pleaded guilty to the offense of escape and to two destruction of evidence offenses.  A jury assessed Soto’s punishment at seven years’ confinement for escape and ten years’ confinement for each of the destruction of evidence offenses, and the trial court sentenced Soto accordingly.  In a single point, Soto claims that the trial court erred by imposing consecutive sentences for the offenses because the charges arose from a single criminal episode and were decided in a single criminal action.  
See
 
Tex. Penal Code Ann.
 § 3.03(a) (Vernon 2003). 

The State points out that Soto expressly waived her right to concurrent sentencing under penal code section 3.03 as part of her plea bargain agreement.  The record contains a document titled “Agreed Waivers,” indicating that in each case,

The defendant further understands that the three offenses listed above, as part of this agreement, will be tried in one proceeding before a single jury and the defendant waives the application of Section 3.03, Texas Penal Code, to the assessment of punishment for the said offenses, understanding that the trial court in [its] discretion has the authority to order that the sentences for these offenses run concurrently or consecutively.

This document is signed by Soto and her attorney.  Likewise, the reporter’s record reflects the same waiver and agreement.  The trial court asked Soto’s attorney if he intended to file a written waiver of penal code section 3.03, and he responded, “Your Honor, we will do that.  It is our intent to waive 3.03.  And if the State desires that or if you feel it’s necessary, we will be more than happy to do that.” 

Accordingly, we hold that Soto waived her right to complain of the imposition of consecutive sentences.  
See
 
Tex. R. App. P.
 33.1; 
Ex parte McJunkins
, 954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997) (op. on reh’g) (recognizing that defendant may waive application of section 3.03).  We overrule Soto’s sole point and affirm the trial court’s judgments.

PER CURIAM

PANEL F: WALKER, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: June 10, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.