COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NOS. 2-04-047-CR
2-04-048-CR
2-04-049-CR
 
 
CHRYSTAL 
GALE SOTO                                                         APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 97TH DISTRICT COURT OF MONTAGUE COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Pursuant 
to a plea agreement, Appellant Chrystal Gale Soto pleaded guilty to the offense 
of escape and to two destruction of evidence offenses. A jury assessed Soto’s 
punishment at seven years’ confinement for escape and ten years’ confinement 
for each of the destruction of evidence offenses, and the trial court sentenced 
Soto accordingly. In a single point, Soto claims that the trial court erred by 
imposing consecutive sentences for the offenses because the charges arose from a 
single criminal episode and were decided in a single criminal action. See 
Tex. Penal Code Ann. § 3.03(a) 
(Vernon 2003).
        The 
State points out that Soto expressly waived her right to concurrent sentencing 
under penal code section 3.03 as part of her plea bargain agreement. The record 
contains a document titled “Agreed Waivers,” indicating that in each case, 
 
The 
defendant further understands that the three offenses listed above, as part of 
this agreement, will be tried in one proceeding before a single jury and the 
defendant waives the application of Section 3.03, Texas Penal Code, to the 
assessment of punishment for the said offenses, understanding that the trial 
court in [its] discretion has the authority to order that the sentences for 
these offenses run concurrently or consecutively.
 
This 
document is signed by Soto and her attorney. Likewise, the reporter’s record 
reflects the same waiver and agreement. The trial court asked Soto’s attorney 
if he intended to file a written waiver of penal code section 3.03, and he 
responded, “Your Honor, we will do that. It is our intent to waive 3.03. And 
if the State desires that or if you feel it’s necessary, we will be more than 
happy to do that.”
        Accordingly, 
we hold that Soto waived her right to complain of the imposition of consecutive 
sentences. See Tex. R. App. P. 
33.1; Ex parte McJunkins, 954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997) 
(op. on reh’g) (recognizing that defendant may waive application of section 
3.03). We overrule Soto’s sole point and affirm the trial court’s judgments.
 
 
                                                          PER 
CURIAM
 
 
PANEL 
F:   WALKER, HOLMAN, and GARDNER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 10, 2004


NOTES
1.  
See Tex. R. App. P. 47.4.