In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-05-333 CR


NO. 09-05-334 CR


NO. 09-05-335 CR


____________________



JEREMY WAYNE COLLINS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause Nos. A-040691-R, A-040694-R and A-040697-R






 MEMORANDUM OPINION 


 Jeremy Wayne Collins appeals three convictions. (1) Raising one appellate issue, 
Collins contends the trial court erred in ordering his sentences to run consecutively. We
affirm.

Background


 Collins pled guilty to three charges - two for forgery (trial cause nos. A-040691-R and
A-040694-R) and one for burglary (trial cause no. A-040697-R). The two forgery charges
involved checks dated in September 2004 and made payable to Collins. For each check, the
State brought a separate charge alleging that Collins forged the signatory's name. Both
checks were on printed, numbered check forms that identified the First Baptist Church of
Mauriceville as account owner and provided the Church's address and account number. The
September 5 check was for $630. The September 2 check was for $690. In the third charge,
Collins pled guilty to burglary. The burglary indictment alleged the crime occurred "on or
about September 2, 2004" when Collins entered "a building without the effective consent of
Sue Turner, the owner, and therein attempted to commit and committed theft. . . ." 

 Pursuant to agreements with the State, Collins pled guilty to all three charges at one
hearing on May 24, 2005. Collins agreed the trial court could handle all three pleas "at the
same time." In return for Collins's guilty pleas, the State recommended that state-jail
punishment be assessed at fourteen months in each case. 

 After Collins entered his pleas, the trial court stated:

 Mr. Collins, your attorney came to me . . . [a]nd said that if he brought
you into court and you entered your pleas, would I consider letting you out of
jail for a period of time, since your wife is pregnant. . . . And he actually asked
if you could stay in the Orange County Jail until the birth of the baby. And so,
then I asked him when that was going to be, and he said that would be in
August. And I said no, but I said that since you do have a child on the way,
that I would allow you some time to try to get some affairs in line for the wife
and the child that is on the way. . . . And I don't normally do that. . . . But
because a child is involved and because a pregnant lady is involved, I said that
I would go along with it. 


The court then reset Collins's cases for May 27 at 9:00 a.m. and informed him that if he
failed to appear, the court would "stack" the sentences. 

 On May 27, 2005, Collins did not appear at the sentencing hearing. The trial court
found Collins guilty of all three charges and assessed his punishment in each case at two
years' confinement in the state jail. The trial court also fined Collins $10,000 in each case. 

 On June 24, 2005, Collins appeared for his sentencing hearing. The trial court
separately pronounced the punishments previously assessed in each case and ordered that the
sentences run consecutively. After pronouncing sentence in the first case, the court said to
Collins: "You will note, before I proceed, that you had plea bargained for 14 months in each
of your cases; but that day that you were in court you made an agreement with me . . . that
if you weren't back [on May 27] that the Court could give you whatever I wanted in your
cases, right?" Collins agreed with the court. The court further stated: "So, I am not going
to allow any withdrawing of any pleas. . . ."

 On appeal, Collins complains that the trial court erred in deciding to "make the three
different cases run consecutively." Collins argues that Texas Penal Code section 3.03
applies. With certain exceptions not applicable here, (2)
 section 3.03 mandates that sentences
shall run concurrently when a defendant is found guilty of more than one offense arising out
of the same criminal episode that is prosecuted in a single criminal action. Tex. Pen. Code
Ann. § 3.03(a) (Vernon Supp. 2005). 

 For purposes of our analysis, we assume, but do not decide, that the requirements for
mandatory concurrent sentences set forth in section 3.03 apply in this case. However, even
if 3.03 governs this case, we still must decide whether Collins waived his rights under section
3.03. 

 At the May 24 hearing during which Collins entered his guilty pleas and the trial court
agreed to reset Collins's sentencing date, the trial court informed Collins as follows:

 Court: Now, I'm going to tell you right now, here's what happens if
you don't come back on May the 27th at 9:00 o'clock: I can go
ahead and assess punishment in your case. I know you have a
plea bargain, but I'm telling you right now, if you don't come
back, in all likelihood, I will assess punishment at the maximum
punishment possible in each case, and then I will also consider
what the law gives me the right to do, and that is to stack these
punishments. . . .

 Collins: Yes, sir.

 Court: If you want to face the possibility of doing day to
day for six years, then don't come back on the
27th. Because I'm telling you, I will consider
that. In all likelihood, I will probably give it.


 Collins: Yes, sir.


 Court: Two years, two years, two years, stacked. . . .


 Collins: I understand, sir.


 Court: All right. Now, I'm telling you right now, that's what's going
to happen in your case, max, with the possibility of stacking. 
That's different than your plea bargain once I tell you that.


 Collins: Yes, sir.


 Court: So, in effect, I've changed your plea bargain. Do you want to
go along with my plea bargain?


 Collins: Yes, sir.


 Court: All right. So, that way, I can do as I just said. Because I've
changed the plea bargain, I'll give you the opportunity right now
to back out of all of this and go back over to the jail. Do you
want to back out of it or go forward?


 Collins: Go forward, sir.


 Court: All right. You're reset for the 27th at 9:00 a.m. 


 By accepting the trial court's conditions for resetting his sentencing date, Collins
waived his right to complain of the stacked sentences. See Ex parte McJunkins, 954 S.W.2d
39, 41 (Tex. Crim. App. 1997). In McJunkins, the Court of Criminal Appeals found that the
defendant waived his right to appeal the validity of the trial court's cumulation order by
accepting a plea bargain agreement that imposed consecutive sentences in a single criminal
action. Id. The Court held that because the defendant affirmatively accepted, as part of his
plea bargain, the relinquishment of a statutory provision or right, he had waived his right to
appeal its application. Id. The Court noted the absence of any allegation that the defendant's
"decision was not counseled, intelligent, and voluntary." Id.

 Here, Collins affirmatively relinquished his statutory right, if any, to concurrent
sentences. Collins's counsel asked the trial court to let Collins out of jail to attend to family
matters and to allow Collins to remain in the county jail until the birth of his child. Counsel
was present in the courtroom when the trial court explained the consequences of Collins's
accepting the revised plea bargain terms. While the trial court did not agree to allow Collins
to remain in the county jail, the court did reset the sentencing hearing so that Collins could
make arrangements for his family. Next, the record shows that the trial court told Collins he
would likely face consecutive sentences if he failed to appear at his reset sentencing hearing. 
Collins told the trial court that he understood these consequences. Finally, the trial court
informed Collins that he could either "back out" of the new conditions the trial court was
imposing or he could "go forward." Collins understood he did not have to accept the trial
court's terms but chose to do so. Under these conditions, Collins waived any statutory right
to concurrent sentences. We overrule Collins's issue and arguments.

 Accordingly, the trial court's judgment is affirmed.

 AFFIRMED.


 ____________________________

 HOLLIS HORTON

 Justice


Submitted on July 27, 2006

Opinion Delivered August 23, 2006

Do Not Publish


Before Gaultney, Kreger, and Horton, JJ.
1. The three appellate cases are: No. 09-05-333 CR; No. 09-05-334 CR; and No. 09-05-335 CR. We review all three cases in this consolidated opinion. 
2. The offenses that are exceptions to the concurrent sentence requirement are
intoxication assault, intoxication manslaughter, and certain sex offenses enumerated in
section 3.03(b). Tex. Pen. Code Ann. § 3.03(b) (Vernon Supp. 2005); see Tex. Pen. Code
Ann. §§ 49.07, 49.08 (Vernon 2003); Tex. Pen. Code Ann. § 21.11 (Vernon 2003); Tex.
Pen. Code Ann. §§ 21.15, 22.011, 22.021, 25.02, 43.25 (Vernon Supp. 2006); Tex. Pen.
Code Ann. § 43.26 (Vernon 2003).