IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-60,492-01, -02, -03 & -04






EX PARTE DAVID HARLEY BAILEY, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 88-CR-145-B, 88-CR-142-B, 88-CR-139-B & 88-CR-144-B 


IN THE 138TH DISTRICT COURT

FROM CAMERON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of injury to a child and sentenced to ten years' imprisonment on each count. He was also convicted
of two counts of aggravated sexual assault and sentenced to twenty years' imprisonment on each
count. He did not appeal his convictions. 

 Applicant contends, among other things, that he was denied his right to appeal and that the
trial court had no authority to order his sentences to run consecutively. On April 13, 2005, we denied
these applications. On December, 15, 2010, we reconsidered the denial of Applicant's out-of-time
appeal claim on our own motion, remanded these applications, and directed the trial court to make
findings of fact and conclusions of law as to whether Applicant was entitled to be in the appellate
process and, if so, whether he was denied his right to appeal.

 On remand, the trial court concluded that Applicant was entitled to be in the appellate process
because he had filed timely notices of appeal. The trial court recommended that we grant Applicant's
request for out-of-time appeals. We concluded that Applicant was not entitled to be in the appellate
process, see Ex parte Crow, 180 S.W.3d 135, 138 (Tex. Crim. App. 2005), and denied his out-of-time appeal claim. 

 On March 9, 2011, we remanded these applications for further findings of fact and
conclusions of law as to whether Applicant's sentences were improperly cumulated. We directed the
trial court to determine whether Applicant's sentences could have been cumulated under Section
3.03 of the Penal Code in effect when Applicant committed his offenses. 

 On remand, after holding an evidentiary hearing, the trial court determined, among other
things, that Applicant pleaded no contest and was sentenced in a single criminal action. The trial
court concluded that Applicant was improperly sentenced and that his sentences should have run
concurrently. 

 We believe that the record is not sufficient to resolve Applicant's claim. Accordingly, the
trial court shall make further findings of fact as to what evidence, if any, supports its previous
finding that Applicant pleaded no contest and was sentenced in a single criminal action. We are not
able to determine on the record before us whether Applicant's cases were prosecuted in a single
criminal action. See LaPorte v. State, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992) (holding that
the Legislature intended single criminal action to refer to a single trial or plea proceeding). In making
these findings, the trial court shall order trial counsel to file a response and state whether Applicant's
cases were prosecuted in a single criminal action. The trial court shall also make a credibility finding,
based on Applicant's testimony, as to whether Applicant waived his right not to have his sentences
stacked. See Ex parte McJunkins, 954 S.W.2d 39 (Tex. Crim. App. 1997). Finally, the trial court
shall determine whether Applicant's claim is barred by the doctrine of laches. See Ex parte Carrio,
992 S.W.2d 486 (Tex. Crim. App. 1999).

 The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).
Applicant appears to be represented by counsel. If he is not and the trial court elects to hold another
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: June 15, 2011

Do not publish