In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-13-00252-CR**
**NO. 09-13-00253-CR**
**NO. 09-13-00254-CR**

_____

**TELLY R. JOYCE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause Nos. 11-11157, 11-11158, 11-11159**

**MEMORANDUM OPINION**

Telly R. Joyce[1] appeals from the revocation of his deferred adjudication

community supervision and the imposition of sentence in three cases. We modify

the trial court's judgments in cause numbers 11-11157 and 11-11158 and affirm

_____

[1] Telly R. Joyce is also known as Telly Roshard Joyce, Telly Joyce, Jr., and
Telly Roshard Joyce, Jr.

1

the judgments as modified. We affirm the trial court judgment in cause number 11-11159.

## Background

Pursuant to plea bargain agreements in each case, Joyce pled guilty in each case to the lesser-included offense of robbery. The trial court found the evidence sufficient to find Joyce guilty in each case, but deferred further proceedings, and placed Joyce on community supervision for eight years. The State subsequently filed a motion to revoke Joyce's unadjudicated community supervision in each case. Joyce entered a plea of "true" to three violations of the conditions of his community supervision in all three cases. In each case, the trial court found Joyce violated the conditions of his community supervision, revoked his unadjudicated community supervision, and found Joyce guilty of robbery.

In cause number 11-11157, the trial court assessed punishment at twenty years of confinement. In cause number 11-11158, the trial court assessed punishment at twenty years of confinement and ordered that the sentence would run consecutively to the sentence in cause number 11-11157. In cause number 11-11159, the trial court assessed punishment at ten years of confinement and ordered that the sentence would run consecutively to the sentence in cause number 11-11158.

In cause numbers 11-11158 and 11-11159, Joyce raises one issue challenging the trial court's cumulation orders. In cause number 11-11157, Joyce's counsel filed an *Anders* brief.

**Trial Cause Numbers 11-11158 and 11-11159**

We first address Joyce's challenge to the cumulation orders in cause numbers 11-11158 and 11-11159. Joyce contends the trial court erred in ordering his sentences to run consecutively because his cases arose from the same criminal episode and were prosecuted in a single criminal action.

The State contends that Joyce has not preserved this issue for review. In *LaPorte v. State*, the Court of Criminal Appeals held that "[a]n improper cumulation order is, in essence, a void sentence, and such error cannot be waived[]"; therefore, "[a] defect which renders a sentence void may be raised at any time." 840 S.W.2d 412, 415 (Tex. Crim. App. 1992). The State contends that *Ex parte McJunkins* nevertheless authorizes us to find that Joyce affirmatively waived his right to concurrent sentences. *See* 954 S.W.2d 39 (Tex. Crim. App. 1997). We disagree. In *McJunkins*, the defendant pled guilty to the charges of murder and aggravated robbery based on a negotiated plea agreement. *Id*. at 39. The trial court pronounced the consecutive sentences in accordance with the terms of the negotiated plea agreement. *Id*. In return for the plea agreement, the State

3

dismissed the capital murder indictment. *Id.* The Court of Criminal Appeals found that the defendant specifically accepted the imposition of consecutive sentences by the negotiated plea agreement, which defendant intelligently and voluntarily entered. *Id.* at 41. The Court concluded that the defendant affirmatively waived his right to concurrent sentences. *Id.* However, the Court specifically noted, "We should not be understood as holding that *LaPorte . . .* was wrongly decided." *Id.* Thus, the application of *McJunkins* is limited to instances where a defendant makes a counseled, intelligent, and voluntary waiver of his right to concurrent sentences. *See id.* In this case, no such waiver is found in the record; thus, *McJunkins* does not apply, and Joyce did not waive any alleged error in the cumulation order when he did not object at the time of its imposition. *See id.*; *see also LaPorte*, 840 S.W.2d at 415.

Concluding that Joyce has not waived this issue for review, we next consider whether the trial court had the authority to order Joyce's sentences be served consecutively. Under article 42.08 of the Code of Criminal Procedure, trial courts generally have the authority to order sentences to run consecutively or concurrently. Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2013). The trial court's authority is statutorily limited by section 3.03 of the Penal Code, which requires the trial court to impose concurrent sentences "[w]hen the accused is

4

found guilty of more than one offense arising out of the same criminal episode [and] prosecuted in a single criminal action[.]" Tex. Penal Code Ann. § 3.03(a) (West Supp. 2013). "If the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive sentences." *LaPorte*, 840 S.W.2d at 415.

The State essentially concedes that the underlying offenses are likely part of the same criminal episode. In its appellate brief, the State contends "the offenses are similar and occurred allegedly on the same day and are logically likely to be interpreted as part of the same criminal episode[.]" Assuming the three offenses were part of the same criminal episode, we conclude that Joyce's offenses were not "prosecuted in a single criminal action[.]" *See* Tex. Penal Code Ann. § 3.03(a). "[A] defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode, . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply." *LaPorte*, 840 S.W.2d at 415. Offenses are not prosecuted in a single criminal action when the trial court calls each case separately and deals with each individually, even if one case is called immediately after the other. *Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995).

5

At the plea hearings, the trial court called each of Joyce's cases separately and took Joyce's plea of "guilty" separately. The cases had separate cause numbers and were not consolidated. At the sentencing hearing, the trial court once again called each of Joyce's cases separately. In cause number 11-11157, the trial court deferred finding Joyce guilty and placed him on community supervision for eight years. The court then called cause number 11-11158, and asked if the parties had additional comments for this case. The court then deferred finding Joyce guilty and placed him on community supervision for eight years in this case. Last, the court called cause number 11-11159, asked for additional comments, then placed Joyce on deferred adjudication community supervision for eight years in this cause.

Likewise, at the revocation hearing, the trial court called each case separately. The trial court first called cause number 11-11157. Joyce pleaded true to violating three terms of his community supervision in this case and acknowledged that he was pleading true freely and voluntarily. The trial court then called cause number 11-11158. Joyce also pleaded true to violating the three terms of his community supervision in this case and acknowledged that he was pleading true to these violations freely and voluntarily. Last, the trial court called cause number 11-11159, wherein Joyce again, freely and voluntarily, pleaded true to violating three terms of his community supervision. Thereafter the court recalled

6

cause number 11-11157, heard additional evidence and arguments from counsel, and also heard testimony from Joyce. The court then found Joyce guilty of robbery in cause number 11-11157 and sentenced him. The trial court then recalled cause number 11-11158 and allowed counsel to make additional comments regarding this cause. The trial court then found Joyce guilty of robbery in this case and sentenced him. Finally, the court recalled cause number 11-11159, allowed counsel to make additional comments regarding this cause, then found Joyce guilty of robbery in this case and sentenced him.

Our review of the appellate record indicates that Joyce's offenses were not prosecuted in a single criminal action. Because the State did not prosecute Joyce's cases in a single criminal action, the trial court had the discretion to order consecutive sentences. *See* Tex. Penal Code Ann. § 3.03(a). We, therefore, affirm the judgment in cause number 11-11159.

We note the written judgment in cause number 11-11158 recites the "Statute for Offense" as section "29.03 (a)(2)" of the Texas Penal Code, which concerns aggravated robbery. *See* Tex. Penal Code Ann. § 29.03 (West 2011). Joyce pleaded guilty to, and the trial court found him guilty of, simple robbery under section 29.02 of the Penal Code. *See* Tex. Penal Code Ann. § 29.02 (West 2011). We have the power to reform a judgment to correct a clerical error. *See* Tex. R. App. P.

43.2(b); *see also Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). We modify the trial court's judgment in cause number 11-11158 to reflect the correct statute of offense as section "29.02" of the Texas Penal Code, and we affirm the judgment as modified.

## Trial Cause Number 11-11157

In cause number 11-11157, Joyce's appellate counsel filed a brief presenting counsel's professional evaluation of the record and concluded the appeal is frivolous. *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978). On November 19, 2013, we granted an extension of time for Joyce to file a pro se brief. We received no response from Joyce. We have reviewed the appellate record, and we agree with counsel's conclusion that no arguable issues support the appeal. Therefore, we find it unnecessary to order appointment of new counsel to re-brief the appeal. *Compare Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

We note the written judgment recites the "Statute for Offense" as section "29.03(a)(2)" of the Texas Penal Code, which concerns aggravated robbery. Appellant pleaded guilty to, and the trial court found him guilty of simple robbery under section 29.02 of the Penal Code. We modify the trial court's judgment in cause number 11-11157 to reflect the statute of offense as section "29.02" of the

Texas Penal Code, and we affirm that judgment as modified. [2] *See* Tex. R. App. P. 43.2(b); *see also Bigley*, 865 S.W.2d at 27.

We affirm the judgment in cause number 11-11159 and affirm the judgments as modified in cause numbers 11-11157 and 11-11158.

AFFIRMED; AFFIRMED AS MODIFIED.

_____
CHARLES KREGER
Justice

Submitted on April 9, 2014
Opinion Delivered April 23, 2014
Do not publish

Before McKeithen, C.J., Kreger, and Horton, JJ.

---

[2] Joyce may challenge our decision in cause number 11-11157 by filing a petition for discretionary review. *See* Tex. R. App. P. 68.