### EX PARTE Todd Eugene ROSS, Applicant

### NO. WR-82,952-01

Court of Criminal Appeals of Texas.

Filed: March 23, 2016

### *CONCURRING STATEMENT*

Alcala, J., filed a concurring statement.

I respectfully concur in this Court's decision to deny the habeas relief requested by Todd Eugene Ross, applicant, who alleges that the trial court's cumulation order in his case was illegal and void. Applicant is correct that Penal Code Section 3.03 does not authorize a trial court, as here, to cumulate a sentence for attempted indecency with a child with a sentence for indecency with a child. *See* Tex. Penal Code §§ 3.03(a), (b)(2); 15.01(a); 21.11(a); *see also Parfait v. State,* 120 S.W.3d 348, 349 (Tex.Crim.App.2003) (explaining that attempt offenses do not fall within consecutive-sentencing provisions of Section 3.03). Despite this correct interpretation of the cumulation statute, applicant is incorrect that habeas relief is appropriate under the circumstances presented by his case. I conclude that, because applicant intentionally and knowingly agreed to the cumulation order as an element of his plea bargain with the State, this Court properly denies his request for habeas relief.

Applicant was charged with two counts of indecency with a child and one count of attempted indecency with a child, all arising from the same criminal episode. *See* Tex. Penal Code §§ 15.01(a), 21.11(a). Applicant pleaded guilty to all three offenses. The record reflects that applicant consented to the trial court's cumulation order through three agreed plea bargains with the State for each of the three offenses with which he was charged. Each plea agreement contains an agreement as to punishment, an agreement that the sentences for all three offenses will run consecutively, and an agreement that the State will abandon a punishment-enhancement paragraph. The terms of the plea agreement for the first count of indecency with a child by contact were twenty years' confinement, with that "[s]entence to run consecutively [with] counts II [and] III," and an additional notation indicating that the "state abandons [the] enhancement [paragraph]." The terms of the plea agreement for the second count of indecency with a child by contact were twenty years' confinement, with the condition that the "[s]entence on Count II will not begin until [the] sentence on Count I is complete," and an additional notation indicating that the "state abandons [the] enhancement [paragraph]." Finally, the terms of the plea agreement for attempted indecency with a child by contact were ten years' confinement, with the condition that the "[s]entence on Count III will not begin until [the] sentences on Counts I [and] II are complete; sentences on all counts to be served consecutively; state abandons [the] enhancement [paragraph]." Furthermore, as part of his plea bargain with the State, applicant agreed to waive his right to appeal his convictions. The rec-

ord thus shows that applicant intentionally and knowingly waived his right to concurrent sentencing on the attempted-indecency count by consenting to the cumulation order pursuant to an agreed plea bargain with the State in exchange for the State's agreement to abandon an enhancement paragraph. Applicant may not, on the one hand, intentionally and knowingly agree to consecutive sentences and benefit from the State's abandonment of the enhancement paragraph and reduction of the level of punishment, yet on the other hand, obtain habeas relief by asserting that consecutive sentences are illegal or void. Having intentionally and knowingly waived his right to serve his sentence for attempted indecency concurrently with his other sentences, applicant must be held to the terms of his plea bargain with the State.

I would hold that the statutory right to have criminal sentences run concurrently is a category-two *Marin* right that may be intentionally or knowingly waived. *See Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim.App.1993). I reach that conclusion by examining this Court's recent opinion in *Ex parte Simmons*, No. WR–16,370–02, 2015 WL 6653232, at *6 (Tex.Crim.App. Oct. 28, 2015). In *Simmons*, the defendant received cumulated sentences after a trial. *See id.* at *1. This Court granted habeas relief on the basis that the trial court was not authorized to cumulate the sentences. *See id.* at *6. This Court held that the cumulation order violated Texas Penal Code Section 3.03, and it observed that such a "violation of a statute invokes a defendant's due-process rights, a category–2 *Marin* right." *Id.* at *4. Explaining the nature of category-two rights, this Court in *Marin* had previously stated, "Although a litigant might give them up and, indeed, has a right to do so, he is never deemed to have done so in fact unless he says so plainly, freely, and intelligently, sometimes in writing and always on the

record." *Marin*, 851 S.W.2d at 280. Because applicant here waived his right to concurrent sentencing freely, intelligently, and on the record, I conclude that the waiver was valid.

My conclusion is further supported by this Court's prior opinion in *Ex parte McJunkins*, in which this Court held that a defendant could waive his statutory right to concurrent sentencing pursuant to a plea bargain with the State. *See* 954 S.W.2d 39, 41 (Tex.Crim.App.1997) (op. on reh'g); TEX. PENAL CODE § 3.03. In *McJunkins*, the defendant, who was charged with capital murder, entered into a plea bargain with the State by which he agreed to plead guilty to murder and aggravated robbery. *McJunkins*, 954 S.W.2d at 39. In exchange, the State agreed to recommend two consecutive sentences of life imprisonment and dismiss the capital-murder indictment against McJunkins. *Id.* Later, in his application for a post-conviction writ of habeas corpus, McJunkins complained that the trial court's order cumulating the two life sentences was not permitted under Penal Code Section 3.03. *Id.* In reaching its conclusion that McJunkins was not entitled to relief from the consecutive-sentencing order, this Court reasoned that Section 3.03 "creates rights of litigants," as opposed to an "absolute prohibition." *Id.* at 40; *see also id.* at 41 ("Because the operation of Section 3.03 requires the consent of both litigants, it is properly characterized as a right of a litigant rather than as an absolute requirement or prohibition which cannot be waived or forfeited."). The Court in *McJunkins* concluded,

In this case the applicant pleaded guilty, and was convicted and sentenced, in accordance with a plea bargaining agreement in which he specifically accepted the imposition of consecutive sentences in a single criminal action. There is no allegation that his decision was not counseled, intelligent, and voluntary. We

hold that his decisions not to request a severance, and to accept the imposition of consecutive sentences imposed in a single criminal action for two offenses arising out of the same criminal episode, were valid waivers of his right to concurrent sentences.

*Id.* at 41. The reasoning of *McJunkins*, therefore, compels the conclusion that, absent some indication that applicant's waiver was not counseled, intelligent or voluntary, his waiver was valid, and his plea-bargain agreement accordingly must be upheld. *See id.*

I note that, if applicant's actual complaint were that counsel failed to adequately advise him regarding the consequences of his agreement to waive his right to concurrent sentencing on the attempted-indecency count, thereby rendering his waiver invalid, then the proper challenge would have been an assertion that trial counsel was ineffective in violation of applicant's Sixth Amendment rights. *See, e.g., Ex parte Harrington*, 310 S.W.3d 452, 458–59 (Tex.Crim.App.2010). Because the record reveals that applicant agreed to the cumulation order here, and because he has not asserted an ineffective-assistance claim in this habeas application, I concur in this Court's decision to deny habeas relief.