**DENIED and Opinion Filed August 27, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-21-00492-CV**
**No. 05-21-00493-CV**
**No. 05-21-00494-CV**
**No. 05-21-00495-CV**

**IN RE MICHAEL DEWAYNE BOOKMAN, Relator**

**Original Proceeding from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F92-00522-WU,**
**F92-00523-WU, F92-00524-WU & F92-00525-WU**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Nowell

In 1992, relator Michael Dewayne Bookman accepted a plea bargain agreement under which he entered guilty pleas to four counts of capital murder and received four consecutive life sentences. In these original proceedings, relator now petitions for a writ of mandamus to declare the sentences void and to compel the trial court to vacate them on the ground the trial court had a ministerial duty to assess concurrent sentences.[1] We deny relief.

---

[1] Relator included with his petition a request for permission to file the petition. It is not necessary for relator to request the Court's permission before filing a petition for writ of mandamus. *See* TEX. R. APP. P. 52.1.

We begin by observing relator's petition does not satisfy the requirements of rule of appellate procedure 52 regarding the filing and authentication of a record to support his petition. Relator must file with his petition a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To create a sufficient record, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.7(a)(2) requires the relator to file with the petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2). Relator's status as an incarcerated person does not relieve him of the obligation to file a sufficient record. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

In this case, relator has filed documents from the clerk's record to support his claim. However, the documents are not certified or sworn copies as required by rule 52. *See* TEX. R. APP. P. 52.3(k)(1)(A); 52.7(a)(1). Furthermore, relator offers us only a portion of the reporter's record from his plea hearing. *See* TEX. R. APP. P.

52.7(a)(2). The portion of the reporter's record he has filed does not include the court reporter's certification. The failure to file a properly authenticated and adequate record justifies denying relator's petition. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

Finally, we observe that even if we could give credence to the unauthenticated documents relator presents, relator has not shown he is entitled to relief on the merits. Relator contends the trial court violated a ministerial duty to run his sentences consecutively. *See* TEX. PENAL CODE ANN. § 3.03 (providing statutory right to concurrent sentencing, subject to listed exceptions, for offenses committed in same transaction and prosecuted in single criminal action).

However, the court of criminal appeals has held that a defendant may waive concurrent sentencing as part of a plea bargain agreement as long as the decision to enter the plea was counseled, intelligent, and voluntary. *See Ex parte McJunkins*, 954 S.W.2d 39, 41 (Tex. Crim. App. 1997) (op. on reh'g) (defendant charged with two capital murder offenses had right to waive concurrent sentencing as part of plea bargain reducing charges to murder and imposing consecutive life sentences). The portion of the plea record relator has filed shows he was represented by counsel and affirmed his desire to enter his guilty pleas after the trial court explained the way his consecutive sentences would operate.

As relator concedes in his petition, the court of criminal appeals, citing *McJunkins,* refused to grant him relief on a post-conviction application for writ of

habeas corpus. Relator contends his mandamus proceedings should be resolved in his favor because his habeas proceeding addressed his right to consecutive sentences, while the mandamus proceedings address whether the trial court had a ministerial duty to impose consecutive sentencing.

Mandamus is only available if the relator demonstrates the act to be compelled is purely ministerial and that the relator has no adequate legal remedy. *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003). An act is ministerial if the relator has a clear and indisputable right to relief with nothing left for the trial court to exercise discretion or judgment. *Id*. Mandamus may not be used to overturn a trial court ruling on an uncertain or unsettled question of law. *Id*.

On the record presented, we cannot conclude relator has shown that the trial court had a ministerial duty to reject the plea bargain agreement for consecutive sentences that he negotiated with the State and assess concurrent sentences instead. *See McJunkins*, 954 S.W.2d at 41; *see also Ex parte Cox*, 482 S.W.3d 112, 116 (Tex. Crim. App. 2016) (describing plea agreements as contractual in nature, with terms left to parties to determine, and rarely to be disturbed unless they violate due process). Accordingly, we conclude on the record presented that relator has not shown he is entitled to relief.

We deny relief on relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

210492f.p05
210493f.p05
210494f.p05
210495f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE