NUMBERS 13-05-194-CR, 13-05-195-CR, 13-05-196-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







TUMAR YISING WILLIAMS
, Appellant,


v.



STATE OF TEXAS, Appellee.





On appeal from the 377th District Court


of Victoria County, Texas.






DISSENTING MEMORANDUM OPINION



Before Justices Hinojosa, Yañez, Castillo


Dissenting Memorandum Opinion by Justice Castillo



 On the State's motion, the three cases were consolidated for trial. (1) Because
mandatory concurrent sentencing is implicated, I disagree with the majority's analysis
and judgment and, thus, respectfully dissent. 

 The State's choice to consolidate the cases invoked mandatory sentencing
under section 3.03(a) of the penal code. See Tex. Pen. Code Ann. § 3.03(a) (Vernon
Supp. 2006). Subject to narrow exceptions inapplicable in these cases, section
3.03(a) mandates concurrent sentences for multiple offenses arising out of the same
criminal episode that are prosecuted in a single criminal action. See id. 

 The mandatory concurrent-sentence provision of section 3.03 is altogether
dependent on the choice of the parties. Ex parte McJunkins, 954 S.W.2d 39, 40-41
(Tex. Crim. App. 1997). The State has the choice to lay the predicate for mandatory
concurrent sentencing by choosing whether to join (or consolidate) them in a criminal
action. Id. at 41 (citing Tex. Code Crim. Proc. Ann. art. 21.24 (Vernon 1989)). If,
and only if, the State chooses joinder or consolidation, the defendant has the choice
whether to demand a severance. Id. If, and only if, the defendant chooses not to
demand a severance will section 3.03 come into effect through the trial in a single
criminal action of multiple offenses arising from a single criminal episode. Id. 

 In these cases, the State invoked mandatory sentencing under section 3.03 by
its election to consolidate multiple offenses arising out of the same criminal episode. 
See Tex. Pen. Code Ann. § 3.03(a). Tumar Yising Williams did not request a
severance. Thus, the mandate under section 3.03 governs sentencing. See Tex. Pen.
Code Ann. § 3.03(a); Ex parte McJunkins, 954 S.W.2d at 40-41. The trial court
stacked the sentencing in appeal number 13-05-196-CR to the two remaining cases
in appeal numbers 13-05-194-CR and 13-05-195-CR. 

 A trial court abuses its discretion when it applies an erroneous legal standard or
when no reasonable view of the record supports the trial court's conclusion under the
correct law and facts viewed in the light most favorable to its legal conclusion. 
DuBose v. State, 915 S.W.2d 493, 497-98 (Tex. Crim. App. 1996), overruled on
other grounds, Guzman v. State, 955 S.W.2d 85, 90 (Tex. Crim. App. 1997). An
abuse of discretion generally will be found only if the trial court imposes consecutive
sentences where the law requires concurrent sentences, concurrent sentences but the
law requires consecutive ones, or otherwise fails to observe the statutory requirements
pertaining to sentencing. Nicholas v. State, 56 S.W.3d 760, 764 (Tex. App.-Houston
[14th Dist.] 2001, pet. ref'd). 

 Section 3.03 of the penal code required the trial court to impose concurrent
sentences in this case, given that the State elected to proceed in a single trial of
multiple offenses arising out of the same criminal episode. See Tex. Pen. Code Ann.
§ 3.03(a); Ex parte McJunkins, 954 S.W.2d at 40-41. Because the trial court imposed
consecutive sentences when the law requires concurrent sentences, I would hold that
the trial court abused its discretion in cumulating the sentence imposed in appeal
number 13-05-196-CR with the concurrent sentences imposed in appeal numbers 13-05-194-CR and 13-05-195-CR. See Tex. Pen. Code Ann. § 3.03(a); Ex parte
McJunkins, 954 S.W.2d at 40-41; Nicholas, 56 S.W.3d at 764. I would further hold
that ordering a stacked sentence when concurrent sentences are mandated
demonstrates harm and, thus, reversible error, because, among other things, the
sentence is unauthorized. See Tex. R. App. P. 44.2(b); Cain v. State, 947 S.W.2d
262, 264 (Tex. Crim. App. 1997) (construing predecessor harmless error rule and
holding that, except for certain federal constitutional errors labeled by the United
States Supreme Court as structural, no error is categorically immune to a harmless
error analysis); see also Mizell v. State, 119 S.W.3d 804, 806 n. 7 (Tex. Crim. App.
2003) (holding that "[a] 'void' or 'illegal' sentence is one that is not authorized by
law"); Ex parte Seidel, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001) ("this Court
has long held that a sentence is void when the punishment is unauthorized"); Ex parte
Rich,194 S.W.3d 508, 511 (Tex. Crim. App. 2006) ("a defect which renders a
sentence void may be raised at any time"). Accordingly, on these well-settled
authorities, I would reverse and render the sentencing judgment in appeal number 13-05-196-CR. See Tex. R. App. P. 43.2( c). Because Williams does not raises issues
with respect to appeal numbers 13-05-194-CR and 13-05-195-CR, I would affirm the
judgments in the two cases. See Tex. R. App. P. 47.1.


 ERRLINDA CASTILLO

 Justice


Do not publish.

Tex. R. App. P. 47.2(b).


Dissenting Memorandum Opinion delivered and filed

this 31st day of August, 2006.

 
1. Alleging in its motion for consolidation and joinder that the offenses arose out of a single
criminal episode, the State relied on sections 3.01(1) and 3.02 of the penal code and article 21.24 of
the code of criminal procedure. See Tex. Pen. Code Ann. § 3.01(1), 3.02 (Vernon 2003 & Supp. 2006);
Tex. Code Crim. Proc. Ann. art. 21.24 (Vernon 1989).