**Henry Lee ALVARADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 1365–91, 1366–91 and 1367–91.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 28, 1992.

Joe A. Cisneros, McAllen, Bill Barbisch, Austin, for appellant.

Rene Guerra, Dist. Atty., and Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITIONS FOR DISCRETIONARY REVIEW

**PER CURIAM.**

A jury convicted Appellant in a consolidated trial of burglary of a habitation and two offenses of murder brought in three separate indictments, all three offenses occurring as part of the same criminal episode. Punishment was assessed by the jury at confinement for forty-five years and a $10,000.00 fine in the burglary conviction and confinement for sixty years in each of the murder cases. The convictions were affirmed. *Alvarado v. State*, 816 S.W.2d 792 (Tex.App.—Corpus Christi 1991). We granted Appellant's petitions for discretionary review to determine if the Court of Appeals erred in holding that the cumulation orders contained in the judgments [1] were properly entered given the State's failure to provide notice of intent to consolidate pursuant to V.T.C.A. Penal Code, § 3.02(b).

The Court of Appeals, relying on *Caughorn v. State*, 549 S.W.2d 196 (Tex.Cr.App. 1977), held that the absence of a written notice of intent to consolidate by the State meant that the cases were not part of a single criminal action and therefore the trial court did not abuse its discretion in cumulating the sentences. We disagree.

---

1. Appellant was convicted in three causes, bearing trial court cause numbers CR–101–88–E, CR–107–88–E and CR–113–88–E. In actuality only the latter two contain cumulation orders.

However, the judgment in CR–101–88–E contains the following, "The sentences in CR–107–88–E and CR–113–88–E are to be served consecutively to this sentence."

In *LaPorte v. State*, 832 S.W.2d 597 (Tex.Cr.App.1992), we addressed precisely the same issue. There we wrote:

Therefore, we hold that a defendant is prosecuted in "a single criminal action" whenever allegations and evidence of more than one offense arising out of the same criminal episode, as that term is defined in Chapter 3, are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several, and the provisions of Section 3.03 then apply.

*Id.* at 599–600. We expressly overruled *Caughorn*. *Id.* at 598–599.

Accordingly, the judgments in Cause Numbers CR–107–88–E and CR–113–88–E from the 275th District Court of Hidalgo County are reformed to delete the cumulation orders. Further, the judgment in Cause Number CR–101–88–E is reformed to delete reference to the two causes formerly cumulated with it. The judgments of the Court of Appeals, as reformed, are affirmed.

