**Curtis Lee JONES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 13–92–316–CR through 13–92–323–CR.**

Court of Appeals of Texas, Corpus Christi.

April 15, 1993.

E. Brice Cunningham, Dallas, for appellant.

John C. Vance, Crim. Dist. Atty., Lori Ordiway, Dennis Jones, Asst. Dist. Attys., Dallas, Robert Huttash, State Prosecuting Atty., Austin, for appellee.

Before NYE, C.J., and SEERDEN and GILBERTO HINOJOSA, JJ.

## OPINION

NYE, Chief Justice.

Curtis Lee Jones was indicted for five separate aggravated robberies, two attempted capital murders, and one aggravated assault. Eventually, appellant entered a plea of "guilty" to each offense before a jury. The jury assessed punishment, and the trial court pronounced sentence in each case, ordering some, but not all, of the sentences to run consecutively. We reform and affirm two of the convictions and affirm the other six.

In his first two points of error, appellant contends that two of the convictions contain sentences with invalid cumulation orders. In *Laporte v. State*, 840 S.W.2d 412, 415 (Tex.Crim.App.1992), the Court held that a trial court may not order sentences to run consecutively if the convictions arise out of a single criminal action based on charges occurring in the same criminal episode. *See Alvarado v. State*, 840 S.W.2d 442, 443 (Tex.Crim.App.1992). The State concedes that the cumulation orders are invalid under *LaPorte* because the offenses arose from the same criminal episode and were prosecuted in a single criminal action. Appellant's first two points of error are sustained. We delete the cumulation orders from these two convictions.

In points three and four, appellant contends that the trial court erred by permitting the prosecutor to make improper jury argument. Appellant concedes that no objection was voiced to the argument. Nonetheless, he argues reversible error occurred because an instruction to disregard could not have removed the prejudicial effect. Failure to object to improper argument generally waives error, but an exception exists when the prosecutor's argument is so egregious that no instruction to disregard could possibly cure the harm. *Willis v. State*, 785 S.W.2d 378, 385 (Tex.Crim. App.1989). Appellant contends that the prosecutor so erred during punishment argument. After describing the punishment range, the prosecutor stated:

> Where you fit in that range, I don't know; all I know is you twelve people were basically hand-picked to sit on this jury, and your job, as we told you back then, is to come up with what is the appropriate punishment. And I think it's so important right now that you understand who you represent.
>
> Who do you represent? You know, you people are not just down here for your own benefit. As corny as it may sound, you represent society. You represent the person that lives next door to you; you represent your co-worker; you represent yourself. In a sense, you represent this man, too.
>
> You represent society. Every-body out there in Dallas County, that's who you represent. So, whenever you are trying to come up with what is fair, with what is just, always remember who it is that you represent. You're not just down here for this man; you're not just down here to pick out a punishment that suits him because, let's face it, he probably wants out of this jam with the least amount of punishment possible.
>
> So, whenever you are coming up with your figure or your equation with what is fair, think about who you represent and who you're down here for. You represent society. You represent yourself; you represent us; you represent these people out here.

So, whenever you come up with what's appropriate, deal with it in that manner, because, folks, please don't ever forget—don't ever forget—that you people have rights, too. You have rights. Victims of crimes have rights, too.

\* \* \* \* \* \*

My question to you people is: How bad can it get? Folks, this is the road that he came in on; that is where he stopped. My question to you is: Who's going to put an end to it? He rode in here; he stopped here. I'm asking you to stop him; not the Judge, not me, not these police officers out here, but you twelve people who represent society.

You know, probation didn't work, way back in 1983. Short terms in the penitentiary didn't work, because, if you look at this, he got two years one time, four years one time, and five years one time. So, short terms in the penitentiary don't work; probation doesn't work. The college classes that he took in the penitentiary didn't work.

Folks, you can't mold people after they've already been molded. All you can do as society is deal with the product; deal with the man. And that's what I'm asking you to do; deal with the man.

\* \* \* \* \* \*

And concerning his new-found religion, folks, when the trumpet of the Lord sounds no more, he will have to deal with his Maker. And when that unwanted hour comes, in the twinkling of an eye, he will deal with his Maker at that time. But until then, you have to deal with him, you people. Until that time comes, you people have to deal with him, and I'm going to ask that you assess this man ninety-nine years in the penitentiary.

Mr. Whittier said for whose benefit? For your benefit, for these people's benefit, for society's benefit, for your neighbor's benefit, for your loved one's benefit, for your co-worker's benefit. For whose benefit? Your benefit.

Appellant contends that the above argument implored the jury to do what society wanted, expected and desired. Argument of that type has been condemned because it injects a new and harmful fact into evidence and violates the principle that a defendant may be punished only on the basis of proceedings occurring in open court, where evidence may be offered and witnesses may be cross-examined. *Cortez v. State*, 683 S.W.2d 419, 420 (Tex.Crim.App. 1984). Contrary to appellant's assertion, we do not find that any portion of this argument may be so characterized. Instead, the argument asked the jury to consider society's interests in punishing appellant and to represent the people of their county and society. This kind of argument is proper. *See Whittington v. State*, 580 S.W.2d 845, 847 (Tex.Crim.App.1979); *Myers v. State*, 468 S.W.2d 847, 848 (Tex. Crim.App.1971); *Williams v. State*, 787 S.W.2d 198, 200 (Tex.App.—Corpus Christi 1990, pet. ref'd). Appellant's third and fourth points are overruled.

■ In point five, appellant contends that the trial court erred in failing to admonish the jury about the proper range of punishment for the offense of aggravated assault. Appellant contends that this failure constituted fundamental error without regard to whether appellant was harmed. We disagree. During voir dire, the trial court stated that aggravated assault is a third-degree felony, with a punishment range of two to ten years with a fine of up to $10,000. The trial court failed to state that a third-degree felony is also punishable by confinement in a community correctional facility for any term of not more than one year. *See* Tex.Penal Code Ann. § 12.34 (Vernon Supp.1993).

■ Appellant contends that article 26.13 of the Code of Criminal Procedure imposes a duty on the trial court to advise the jury on the correct range of punishment. *See* Tex.Code Crim.Proc.Ann. art. 26.13(a)(1) (Vernon 1989). We disagree. Article 26.13(a) concerns the admonishments a trial court shall make to a defendant pleading guilty. The article does not require the trial court to instruct the jury panel about the range of punishment. Ar-

ticle 26.13 is simply inapplicable to the trial court's statement during voir dire.

■ The trial court did, of course, err by stating only a portion of the punishment options. Nonetheless, we do not find reversible error. Appellant should have objected when the trial judge misspoke. *See Wright v. State,* 776 S.W.2d 763 (Tex. App.—Corpus Christi 1989, pet. ref'd). By not doing so, he waived any error. *Id.* Moreover, ultimately appellant pleaded "true" to an enhancement allegation, making the applicable range of punishment between two and twenty years in prison, with the community correctional facility option inapplicable. The jury assessed punishment at eleven years in prison. Thus, appellant suffered no harm from the incorrect statement. Appellant's fifth point of error is overruled.

■ In points six and seven, appellant contends that the trial court erred in overruling his challenge for cause to venireman Webb. The State contends that appellant failed to preserve error. Again, we agree. If a defendant's challenge for cause is improperly denied, the defendant can show harm only if he proves that he exhausted all of his peremptory challenges and requested additional peremptory challenges which the court denied. *Green v. State,* 764 S.W.2d 242, 247 (Tex.Crim.App.1989). The fundamental basis of this rule recognizes that without exhausting his peremptory challenges, a defendant cannot show that he had to accept an objectionable juror.

■ The record in this case fails to show that appellant exhausted his peremptory challenges, requested any additional peremptory challenges, or was forced to accept an objectionable juror. When the record fails to so reflect, a defendant cannot complain that the trial judge abused his discretion in ruling on a challenge for cause. *Green v. State,* 433 S.W.2d 435 (Tex.Crim.App.1968). Appellant did not preserve error. Points six and seven are overruled.

Having sustained points of error one and two, we will delete the improper cumula-

tion orders in causes 13–92–317–CR (Tr.Ct. # F–91–63514–IS) and 13–92–318–CR (Tr. Ct. # F–91–63515–IS). As reformed, these judgments are affirmed. The other six convictions are affirmed.