COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 02-05-451-CR

DARRELL WAYNE WRIGHT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 367TH DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Darrell Wayne Wright appeals his conviction for six counts of sexual assault of a child.  In his first two points, he asserts that the trial court erred by ordering that his sentence for the sixth count of sexual assault run consecutively and by denying his request for a jury instruction based on mistake of fact.  In his third point, he complains that his trial counsel provided him ineffective assistance during the trial on the merits and the punishment phase.  We affirm.  

In the summer of 2004, Appellant was introduced to C.G., the complainant, by his roommate and fellow police officer, Brady Hale.  At the time, C.G. was only sixteen years old.  Both Officer Hale and C.G. told appellant that C.G. was eighteen years old.

In September of that year, appellant met C.G. outside of her house and they engaged in sexual intercourse in appellant’s car.  Thereafter, C.G. and appellant saw each other frequently and engaged in sexual intercourse on multiple occasions in a variety of locations.

In November or December 
of that same year, appellant discovered that C.G. was sixteen years old. 
 He continued to see her, however, and even 
spent the night with her in a motel room in January 2005 and later talked to her about getting married
.

Appellant was arrested on January 27, 2005.  After his arrest, appellant was released on bail pending trial and continued to see C.G. as late as May 2005. 

Appellant was indicted for six counts of sexual assault of a child.  After hearing all the evidence, a jury found him guilty of all six counts and assessed his punishment at eight years’ confinement for each count.  The trial court ordered that the eight-year punishment for the first five counts
 
would run concurrently, but
 the eight-year punishment for the sixth count
 would run consecutively.  This appeal followed.

In his first point, appellant asserts that the trial court erred by ordering that he serve his eight-year sentence on the sixth count consecutively because the offenses arose out of one criminal episode and were prosecuted in a single proceeding.
(footnote: 2) 

The trial court has the discretion to order sentences to run consecutively or concurrently:

In the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence . . . in the preceding conviction has ceased to operate, or that the sentence . . . shall run concurrently with the other case or cases.
(footnote: 3)

Section 3.03 of the Texas Penal Code limits this discretion for multiple offenses arising out of the same criminal episode.
(footnote: 4)  Section 3.03(b), however, goes on to provide specific instances where the trial court may impose consecutive sentences even though the sentences were imposed for offenses arising out the same criminal episode and prosecuted in a single proceeding.
(footnote: 5)  In pertinent part, subsection (b) reads as follows:

(b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

. . . .

(2)  an offense:

(A) Under Section 21.11, 22.011, 22.021, 25.02, or 43.25 committed against a victim younger than 17 years of age at the time of the commission of the offense regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of more than one section.
(footnote: 6)

In the present case, appellant was convicted of six counts of sexual assault under section 22.011 of the penal code, and the trial court ordered the first five counts to run concurrently and the last count to run consecutively to the first five counts.  According to the plain language of section 3.03(b), the trial court acted within its discretion in ordering appellant’s sentences to run consecutively.
(footnote: 7)  We overrule appellant’s first point.
(footnote: 8)  

In his second point, appellant contends that the trial court erred by denying his request that the jury be instructed on mistake of fact.  Specifically, appellant requested that the jury be instructed that it could not find him guilty if it found that C.G. intentionally misled him into believing that she was over the age of seventeen with the intent to induce him into having sex with her and that he believed she was over the age of seventeen.  It is well settled, however, that mistake of fact or ignorance of the victim’s age is not a defense to sexual assault of a child.
(footnote: 9)  We overrule appellant’s second point.  

In his third point, appellant argues that his trial counsel provided him ineffective assistance during the trial on the merits and during the punishment phase by failing to advise him regarding his eligibility for an appeal bond, failing to properly research the requested jury instruction, and failing to assert that consecutive sentences were improper in this case.

To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel’s deficiency, the result of the trial would have been different.
(footnote: 10) 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.
(footnote: 11)  The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.
(footnote: 12)  Review of counsel’s representation is highly deferential, and the reviewing court indulges a strong presumption that counsel’s conduct fell within a wide range of reasonable representation.
(footnote: 13)  A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim.
(footnote: 14)  “In the majority of cases, the record on direct appeal is undeveloped and cannot adequately reflect the motives behind trial counsel’s actions.”
(footnote: 15)  To overcome the presumption of reasonable professional assistance, “any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.”
(footnote: 16)
 The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial whose result is reliable.
(footnote: 17)  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.
(footnote: 18)  A reasonable probability is a probability sufficient to undermine confidence in the outcome.
(footnote: 19)  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.
(footnote: 20)
 The record in this case does not affirmatively demonstrate that appellant’s trial counsel was ineffective.  First, there is no evidence in the trial court record that trial counsel failed to inform appellant that an appeal bond would not be available to him.
(footnote: 21)  Further, trial counsel was not ineffective by failing to properly research the law regarding his defensive jury instruction because, as we have already held, appellant was not entitled to a jury instruction on mistake of fact or the accused’s ignorance of the victim’s age.  Appellant’s contention that his trial counsel was ineffective by failing to file a trial brief opposing the State’s motion for consecutive sentences is without merit for a similar reason—the trial court acted within its discretion in ordering that appellant serve his sentences concurrently and consecutively.
(footnote: 22)  Accordingly, we hold that appellant failed to show that his trial counsel rendered inadequate assistance, and we overrule his third point.
(footnote: 23) 

Having overruled all of appellant’s points, we affirm the trial court’s judgment.  
 

PER CURIAM

PANEL A:  CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  March 22, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. Penal Code Ann.
 § 3.03(a) (Vernon Supp. 2007); 
Alvarado v. State, 
840 S.W.2d 442, 443 (Tex. Crim. App. 1992);
 LaPorte v. State
, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) (all stating that sentences must run concurrently when a defendant is prosecuted for two or more offenses arising out of the same criminal episode). 

3:
Tex. Code Crim. Proc. Ann.
 art. 42.08(a) (Vernon 2006)
.

4:
See 
Tex. Penal Code Ann.
 § 3.03.

5:
See id. 
§ 3.03(b). 

6:
Id. 
§ 3.03(b)(2)(A).

7:
See Malone v. State
, 163 S.W.3d 785, 804 (Tex. App.—Texarkana 2005, pet. ref’d).

8:
Appellant cites several cases in support of his argument that the trial court erred.  Those cases are distinguishable, however, as none of the exceptions listed in subsection (b) applied to those cases.
  
See Alvarado
, 840 S.W.2d at 443 (involving a murder and burglary conviction); 
LaPorte
, 840 S.W.2d at 415 (involving convictions for possession of illegal drugs with intent to deliver);
 Jackson v. State
, 157 S.W.3d 514, 516 (Tex. App.—Texarkana 2005, no pet.) (delivery of controlled substance); 
Baker v. State
, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.) (sexual assault, aggravated sexual assault, and burglary of a habitation with intent to commit sexual assault of “women,” not against victims younger than seventeen years of age); 
Polanco v. State
, 914 S.W.2d 269, 271 (Tex. App.—Beaumont 1996, pet. ref’d) (retaliation and aggravated assault). 

9:
See Johnson v. State
, 967 S.W.2d 848, 849 (Tex. Crim. App. 1998); 
Vasquez v. State
, 622 S.W.2d 864, 865-66 (Tex. Crim. App. 1981). 

10:
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Salinas v. State
, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); 
Mallett v. State
, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); 
Thompson
 
v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); 
Hernandez v. State
, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

11:
Thompson
, 9 S.W.3d at 813.

12:
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.

13:
Salinas
, 163 S.W.3d at 740; 
Mallett
, 65 S.W.3d at 63.

14:
Thompson
, 9 S.W.3d at 813-14.

15:
Salinas
, 163 S.W.3d at 740 (quoting 
Mallett
, 65 S.W.3d at 63). 

16:
Salinas
, 163 S.W.3d at 740 (quoting 
Thompson
, 9 S.W.3d at 813).

17:
Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064. 

18:
Id.
 at 694, 104 S. Ct. at 2068.

19:
Id.

20:
Id.
 at 697, 104 S. Ct. at 2070.

21:
See 
Tex. Code Crim. Proc. Ann.
 art. 44.04 (Vernon 2006) (providing that a defendant may not be released on bail pending appeal from a felony conviction for aggravated sexual assault or indecency with a child).  Although appellant included an affidavit from appellate counsel in an appendix to his brief, we must determine the case on the record as filed and only in limited circumstances inapplicable here may we consider documents attached as exhibits or appendices to briefs.
  Vanderbilt v. State
, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981), 
cert. denied
, 456 U.S. 910 (1983); 
Blank v. State
, 172 S.W.3d 673, 675 n. 1 (Tex. App.—San Antonio 2005, no pet.); 
see also 
Tex. R. App. P.
 34.1 (stating that an appellate record consists of the clerk’s record and reporter’s record);
 
Sabine Offshore Serv., Inc. v. City of Port Arthur,
 595 S.W.2d 840, 841 (Tex.1979) (stating that affidavits outside the record cannot be considered by an appellate court for any purpose other than determining its own jurisdiction).

22:
See
 
Tex. Penal Code Ann.
 § 3.03(b).

23:
See Strickland
, 466 U.S. at 690, 104 S.Ct. at 2066.