COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                       NO.
02-05-451-CR

 

 

DARRELL WAYNE WRIGHT                                                   APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                           MEMORANDUM
OPINION[1]

 

                                              ------------








Appellant Darrell Wayne
Wright appeals his conviction for six counts of sexual assault of a child.  In his first two points, he asserts that the
trial court erred by ordering that his sentence for the sixth count of sexual
assault run consecutively and by denying his request for a jury instruction
based on mistake of fact.  In his third
point, he complains that his trial counsel provided him ineffective assistance
during the trial on the merits and the punishment phase.  We affirm. 


In the summer of 2004, Appellant
was introduced to C.G., the complainant, by his roommate and fellow police
officer, Brady Hale.  At the time, C.G.
was only sixteen years old.  Both Officer
Hale and C.G. told appellant that C.G. was eighteen years old.

In September of that year,
appellant met C.G. outside of her house and they engaged in sexual intercourse
in appellant=s car.  Thereafter, C.G. and appellant saw each other
frequently and engaged in sexual intercourse on multiple occasions in a variety
of locations.

In November or December of
that same year, appellant discovered that C.G. was sixteen years old.  He continued to see her, however, and even
spent the night with her in a motel room in January 2005 and later talked to
her about getting married.

Appellant was arrested on
January 27, 2005.  After his arrest,
appellant was released on bail pending trial and continued to see C.G. as late
as May 2005. 








Appellant was indicted for
six counts of sexual assault of a child. 
After hearing all the evidence, a jury found him guilty of all six
counts and assessed his punishment at eight years= confinement for each count. 
The trial court ordered that the eight-year punishment for the first
five counts would run concurrently, but the eight-year punishment for the sixth
count would run consecutively.  This
appeal followed.

In his first point, appellant
asserts that the trial court erred by ordering that he serve his eight-year
sentence on the sixth count consecutively because the offenses arose out of one
criminal episode and were prosecuted in a single proceeding.[2]


The trial court has the
discretion to order sentences to run consecutively or concurrently:

In
the discretion of the court, the judgment in the second and subsequent
convictions may either be that the sentence . . . in the preceding conviction
has ceased to operate, or that the sentence . . . shall run concurrently with
the other case or cases.[3]

 








Section 3.03 of the Texas Penal Code limits this
discretion for multiple offenses arising out of the same criminal episode.[4]  Section 3.03(b), however, goes on to provide
specific instances where the trial court may impose consecutive sentences even
though the sentences were imposed for offenses arising out the same criminal
episode and prosecuted in a single proceeding.[5]  In pertinent part, subsection (b) reads as
follows:

(b) If the accused is found guilty of more than
one offense arising out of the same criminal episode, the sentences may run
concurrently or consecutively if each sentence is for a conviction of:

 

. . . .

 

(2)  an
offense:

 

(A) Under Section 21.11, 22.011, 22.021, 25.02,
or 43.25 committed against a victim younger than 17 years of age at the time of
the commission of the offense regardless of whether the accused is convicted of
violations of the same section more than once or is convicted of violations of
more than one section.[6]

 








In the present case,
appellant was convicted of six counts of sexual assault under section 22.011 of
the penal code, and the trial court ordered the first five counts to run
concurrently and the last count to run consecutively to the first five
counts.  According to the plain language
of section 3.03(b), the trial court acted within its discretion in ordering
appellant=s sentences
to run consecutively.[7]  We overrule appellant=s first point.[8]  

In his second point,
appellant contends that the trial court erred by denying his request that the
jury be instructed on mistake of fact. 
Specifically, appellant requested that the jury be instructed that it
could not find him guilty if it found that C.G. intentionally misled him into
believing that she was over the age of seventeen with the intent to induce him
into having sex with her and that he believed she was over the age of
seventeen.  It is well settled, however,
that mistake of fact or ignorance of the victim=s age is not a defense to sexual assault of a child.[9]  We overrule appellant=s second point.  








In his third point, appellant
argues that his trial counsel provided him ineffective assistance during the
trial on the merits and during the punishment phase by failing to advise him
regarding his eligibility for an appeal bond, failing to properly research the
requested jury instruction, and failing to assert that consecutive sentences
were improper in this case.

To establish ineffective
assistance of counsel, appellant must show by a preponderance of the evidence
that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s deficiency, the result of the trial would have been different.[10]









In evaluating the
effectiveness of counsel under the first prong, we look to the totality of the
representation and the particular circumstances of each case.[11]  The issue is whether counsel's assistance was
reasonable under all the circumstances and prevailing professional norms at the
time of the alleged error.[12]  Review of counsel=s representation is highly deferential, and the reviewing court
indulges a strong presumption that counsel=s conduct fell within a wide range of reasonable representation.[13]  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.[14]  AIn the majority of cases, the record on direct appeal is undeveloped
and cannot adequately reflect the motives behind trial counsel=s actions.@[15]  To overcome the presumption of
reasonable professional assistance, Aany allegation of ineffectiveness must be firmly founded in the
record, and the record must affirmatively demonstrate the alleged
ineffectiveness.@[16]








The second prong of Strickland
requires a showing that counsel=s errors were so serious that they deprived the defendant of a fair
trial, i.e., a trial whose result is reliable.[17]  In other words, appellant must show there is
a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been
different.[18]  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.[19]  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding whose result is being challenged.[20]








The record in this case does
not affirmatively demonstrate that appellant=s trial counsel was ineffective. 
First, there is no evidence in the trial court record that trial counsel
failed to inform appellant that an appeal bond would not be available to him.[21]  Further, trial counsel was not ineffective by
failing to properly research the law regarding his defensive jury instruction
because, as we have already held, appellant was not entitled to a jury
instruction on mistake of fact or the accused=s ignorance of the victim=s age.  Appellant=s contention that his trial counsel was ineffective by failing to file
a trial brief opposing the State=s motion for consecutive sentences is without merit for a similar
reasonCthe trial court acted within its discretion in ordering that appellant
serve his sentences concurrently and consecutively.[22]  Accordingly, we hold that appellant failed to
show that his trial counsel rendered inadequate assistance, and we overrule his
third point.[23]


Having overruled all of
appellant=s points, we
affirm the trial court=s
judgment.        

PER CURIAM

PANEL A: 
CAYCE, C.J.; DAUPHINOT and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 22, 2007











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Penal Code Ann. '
3.03(a) (Vernon Supp. 2007); Alvarado v. State, 840 S.W.2d 442, 443 (Tex.
Crim. App. 1992); LaPorte v. State, 840 S.W.2d 412, 415 (Tex. Crim. App.
1992) (all stating that sentences must run concurrently when a defendant is
prosecuted for two or more offenses arising out of the same criminal episode). 





[3]Tex. Code Crim. Proc. Ann. art.
42.08(a) (Vernon 2006).





[4]See Tex. Penal Code Ann. '
3.03.





[5]See id.
'
3.03(b). 





[6]Id. '
3.03(b)(2)(A).





[7]See
Malone v. State, 163 S.W.3d 785, 804 (Tex. App.CTexarkana
2005, pet. ref=d).





[8]Appellant
cites several cases in support of his argument that the trial court erred.  Those cases are distinguishable, however, as
none of the exceptions listed in subsection (b) applied to those cases.  See Alvarado, 840 S.W.2d at 443
(involving a murder and burglary conviction); LaPorte, 840 S.W.2d at 415
(involving convictions for possession of illegal drugs with intent to deliver);
Jackson v. State, 157 S.W.3d 514, 516 (Tex. App.CTexarkana
2005, no pet.) (delivery of controlled substance); Baker v. State, 107
S.W.3d 671, 673 (Tex. App.CSan Antonio 2003, no pet.) (sexual
assault, aggravated sexual assault, and burglary of a habitation with intent to
commit sexual assault of Awomen,@ not
against victims younger than seventeen years of age); Polanco v. State,
914 S.W.2d 269, 271 (Tex. App.CBeaumont 1996, pet. ref=d)
(retaliation and aggravated assault). 





[9]See
Johnson v. State, 967 S.W.2d 848, 849 (Tex. Crim. App. 1998); Vasquez
v. State, 622 S.W.2d 864, 865-66 (Tex. Crim. App. 1981). 





[10]Strickland
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064
(1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62-63 (Tex. Crim. App. 2001); Thompson v.
State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); Hernandez v. State,
988 S.W.2d 770, 770 (Tex. Crim. App. 1999).





[11]Thompson, 9
S.W.3d at 813.





[12]See
Strickland, 466 U.S. at 688-89, 104 S. Ct. at 2065.





[13]Salinas, 163
S.W.3d at 740; Mallett, 65 S.W.3d at 63.





[14]Thompson, 9
S.W.3d at 813-14.





[15]Salinas, 163
S.W.3d at 740 (quoting Mallett, 65 S.W.3d at 63). 





[16]Salinas, 163
S.W.3d at 740 (quoting Thompson, 9 S.W.3d at 813).





[17]Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. 





[18]Id. at
694, 104 S. Ct. at 2068.





[19]Id.





[20]Id. at
697, 104 S. Ct. at 2070.





[21]See Tex. Code Crim. Proc. Ann. art.
44.04 (Vernon 2006) (providing that a defendant may not be released on bail
pending appeal from a felony conviction for aggravated sexual assault or
indecency with a child).  Although appellant
included an affidavit from appellate counsel in an appendix to his brief, we
must determine the case on the record as filed and only in limited
circumstances inapplicable here may we consider documents attached as exhibits
or appendices to briefs.  Vanderbilt
v. State, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981), cert. denied,
456 U.S. 910 (1983); Blank v. State, 172 S.W.3d 673, 675 n. 1 (Tex. App.CSan
Antonio 2005, no pet.); see also Tex.
R. App. P. 34.1 (stating that an appellate record consists of the clerk=s
record and reporter=s
record); Sabine Offshore Serv., Inc. v. City of Port Arthur, 595 S.W.2d
840, 841 (Tex.1979) (stating that affidavits outside the record cannot be
considered by an appellate court for any purpose other than determining its own
jurisdiction).





[22]See Tex. Penal Code Ann. '
3.03(b).





[23]See
Strickland, 466 U.S. at 690, 104 S.Ct. at 2066.